IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICKY BROWNING,**

      **Petitioner,**

    v.                                  CASE NO. 2:06-cv-00005
                                       JUDGE WATSON
**STATE OF OHIO, Warden,**         MAGISTRATE JUDGE ABEL

      **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's request for a stay, and the exhibits of the parties.

This case involves petitioner's April 2004 guilty plea in the Muskingum County Court to five counts of forgery and one count of identity fraud. In this habeas corpus petition, petitioner asserts that his sentence violates *Blakely,* that his sentence is improper under State and Federal law, that he was denied his right to appeal, and that he was denied the effective assistance of trial and appellate counsel. For the reasons that follow, the Magistrate Judge concludes that petitioner's unexhausted *Blakely* claim is plainly without merit and **RECOMMENDS** that this action be **DISMISSED** as unexhausted; alternatively, petitioner may withdraw his unexhausted claim from his habeas corpus petition.

### I. PROCEDURAL HISTORY

Petitioner was indicted by the January 2004 term of the Muskingum County grand jury on five counts of forgery, in violation of O.R.C. §2913.31, and one count of identity fraud, in

violation of O.R.C. §2913.49. Exhibit A to Return of Writ. While represented by counsel, on April 16, 2004, petitioner pleaded guilty to the charges. On May 17, 2004, petitioner was sentenced to an aggregate term of two years incarceration. Exhibit C to Return of Writ. Petitioner never filed a timely appeal; however, on June 30, 2004, through counsel, petitioner filed a motion for judicial release with the state trial court. Exhibit D to Return of Writ. On July 2, 2004, petitioner also filed a *pro se* motion for modification of sentence. On July 19, 2004, the trial court denied petitioner's motions. Exhibits G and H to Return of Writ. Petitioner filed a timely appeal of the trial court's decision. He asserted the following assignments of error:

> I. WHERE THE SAME CONDUCT BY DEFENDANT CAN BE CONSTRUED TO CONSTITUTE TWO OR MORE ALLIED OFFENSES OF SIMILAR IMPORT, THE INDICTMENT OR INFORMATION MAY CONTAIN COUNTS FOR ALL SUCH OFFENSES, BUT THE DEFENDANT MAY BE CONVICTED OF ONLY ONE.
>
> II. FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE OF MULTIPLE AND CUMULATIVE SENTENCES. THE SUPREME COURT DECLARED THAT IT WOULD NOT PERMIT PROSECUTORS TO AVOID THE DOUBLE JEOPARDY.
>
> III. WHEN IMPOSING CONSECUTIVE SENTENCES, A TRIAL COURT IS REQUIRED TO MAKE ITS STATUTORILY ENUMERATED FINDINGS AND GIVE REASONS SUPPORTING THOSE FINDINGS AT THE SENTENCING HEARING.
>
> IV. A COURT THAT IMPOSES A SENTENCE UPON AN OFFENDER FOR A FELONY SHALL NOT BASE THE SENTENCE UPON THE RACE, ETHNIC BACKGROUND, GENDER, OR RELIGION OF THE OFFENDER.
>
> V. THE TERMS SO IMPOSED ARE INADEQUATE TO PUNISH THE OFFENDER AND PROTECT THE PUBLIC FROM FUTURE CRIME, BECAUSE THE APPLICABLE FACTORS UNDER SECTION 2929.12 OF THE REVISED CODE INDICATING A GREATER LIKELIHOOD OF RECIDIVISM OUTWEIGH THE APPLICABLE FACTORS

>> UNDER THAT SECTION INDICATING A LESSER
>> LIKELIHOOD OF RECIDIVISM.

Through counsel, petitioner asserted the following additional assignment of error:

>> VI. APPELLANT WAS DENIED THE EFFECTIVE
>> ASSISTANCE OF COUNSEL IN THAT COURT APPOINTED
>> COUNSEL FAILED TO FULLY ADVISE APPELLANT OF
>> THE POSSIBLE LENGTHY PERIOD OF INCARCERATION
>> APPELLANT MIGHT RECEIVE FROM THE TRIAL COURT.

Exhibit L to Return of Writ. On February 2, 2005, the appellate court dismissed the appeal for lack of jurisdiction:

> Appellant never filed a Notice of Appeal from the May 20, 2004, Judgment Entry sentencing appellant. Appellant, in his August 17, 2004 Notice of Appeal, only appealed from the trial court's July 19, 2004 Judgment Entry denying his motion to modify sentence. This Court cannot address the merits of appellant's arguments as we find this Court does not have jurisdiction to hear this appeal. Appellant contends that he is appealing from the trial court's denial of his Motion for Modification of Sentence. However, the errors alleged in appellant's appeal arise from the trial court's May 20, 2004, Judgment Entry of Sentence. In that Judgment Entry, the trial court imposed the sentence from which appellant appeals and ordered that the sentences be served consecutively. Appellant did not appeal from that Judgment Entry.
>
> A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed…." App. R. 4. Because appellant failed to file a notice of appeal within thirty days of the Judgment Entry of Sentencing, this court is without jurisdiction to determine the merits of appellant's appeal. *See* App. R. 3.

*Id*. Petitioner filed an appeal of the appellate court's decision to the Ohio Supreme Court. He raised the following propositions of law:

> 1. Appellant was denied the right to effective appeal by appellate

>counsel.
>
>2. Court of Appeals is required to respond to motions set forth by appellant and the clerk of the court is to notify all parties of its decisions and court filings.

Exhibit M to Return of Writ.  On June 29, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Exhibit N to Return of Writ.  Thereafter, on March 1, 2005, petitioner filed a *pro se* motion for delayed appeal pursuant to Ohio Appellate Rule 5(A).  Exhibit O to Return of Writ.  On April 15, 2005, the appellate court denied petitioner's motion for delayed appeal.  Exhibit P to Return of Writ. Petitioner filed a motion for reconsideration, which motion was denied.  Exhibits Q and R to Return of Writ.  Petitioner never filed a timely appeal of the appellate court's decision to the Ohio Supreme Court; however, on June 16, 2005, he filed a motion for delayed appeal pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a).  Exhibit S to Return of Writ.  On December 14, 2005, the Ohio Supreme Court denied leave to appeal and dismissed the appeal. Exhibit V to Return of Writ.  On July 19, 2005, petitioner also filed a *pro se* motion to vacate judgment with the state trial court.  He asserted that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004).  Exhibit Y to Return of Writ.  Apparently such action is still pending in the state trial court.

On January 5, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

>1. Allied offenses of similar import.

4

    2. Double Jeopardy.

    3. Consecutive sentences.

    4. The terms so imposed are inadequate to punish the offender and protect the public from future crimes.

    5. Race, ethnic background, gender, religion.

    6. Right to appeal. Defendant was denied a right [to] appeal maximum consecutive sentences when... he [was] not notified by the court [of his right to appeal his sentence]....

    7. Right to appeal maximum and consecutive sentences for a first prison term.

    8. Appellant was denied the right to effective appeal by appellate counsel.

Respondent maintains that petitioner has not exhausted his Ohio court remedies for grounds 3, 4 and 8. Respondent contends that claims one, two, and five are procedurally defaulted, and that all of petitioner's claims are without merit.

## II. EXHAUSTION AND PETITIONER'S REQUEST FOR A STAY

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6 Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526

5

U.S. 838 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6 Cir.1990). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

<u>Claims 3 and 4</u>.  In these claims, petitioner asserts that the trial court improperly imposed consecutive maximum sentences based on inaccurate information that petitioner was on post release control at the time of the alleged offenses, and in violation of state law and *Blakely v. Washington, supra.*[1]  Petitioner presented his *Blakely* claim to the state courts in his July 19, 2005, motion to vacate judgment, which action apparently is still pending in the state trial court. Petitioner's *Blakely* claim therefore is unexhausted.

Petitioner nonetheless states that the trial court "refused and has no intention" to rule on his pending motion to vacate.  Petitioner states that he filed a petition for a writ of mandamus with the state court of appeals, and with the Ohio Supreme Court in an attempt to obtain a ruling on his motion to vacate from the state trial court.  *See Motion to Stay Proceedings*.  Petitioner's petition for a writ of mandamus was denied by the Ohio Supreme Court on February 6, 2005; petitioner states that he withdrew the petition that he filed in the state appellate court.  Petitioner has attached the answer of Judge Mark Fleegle to his petition for a writ of mandamus, wherein Judge Fleegle indicates that the trial court will rule on petitioner's pending motion once petitioner's appeals are over.  *Exhibit B to Motion for a Stay*.

Inordinate delay in adjudication of state court proceedings may justify excusing the exhaustion requirement.  *See Reaves v. Hofbauer*, – F.Supp.2d –, 2006 WL 1547665 (E.D.

---

[1] Petitioner states in his motion for a stay that he is raising a claim under *Blakely*.

Michigan May 31, 2006)(citations omitted); *Workman v. Tate,* 957 F.2d 1339, 1344 (6th Cir.1992); *Harris v. Champion,* 48 F.3d 1127, 1132 (10th Cir.1995).  Petitioner filed his motion to vacate on July 15, 2005, a little over one year ago; however, in view of the trial court's December 28, 2005, response indicating an intent to rule on petitioner's motion when all appeals were concluded, the record fails to reflect an inordinate delay sufficient to excuse the exhaustion requirement.  *See White v. O'Dea*, unpublished, 1997 WL 693060 (6th Cir. 1997)(eight months to adjudicate post conviction action is not inordinate delay).

The Court therefore must consider whether a stay of proceedings is appropriate.  *See In re Bowan,* 436 F.3d 699, 703 (6th Cir. 2006), citing *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002).  In *Rhines v. Weber*, 125 S.Ct. 1528, 1534-36 (2005), the United States Supreme Court held:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2)

("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra,* at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela,* 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief inter-val, normally 30 days, after the stay is entered and returning to fed-eral court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.,* at 380-381.

On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dis-miss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "un-reasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims out-weighs the competing interests in finality and speedy resolution of federal petitions.

*Id.* In *Pace v. DiGuglielmo,* 125 S.Ct. 1807, 1813 (2005), the Supreme Court stated that

A petitioner's reasonable confusion about whether a state filing

8

> would be timely will ordinarily constitute "good cause" for him to file in federal court.

There is, as of yet, little further guidance as to what constitutes good cause for failing to exhaust state court remedies.

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ... appears to be less stringent than ... 'extraordinary circumstances' ").
>
> *Jackson,* 425 F.3d at 661-62.
>
> Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* --- U.S. ----, ---- - ----, 125

S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005).

Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his

10

> own ignorance or confusion about the law or the status of his case,
> or by circumstances over which he had little or no control, such as
> the actions of counsel either in contravention of the petitioner's
> clearly expressed desire to raise the claim or when petitioner had
> no knowledge of the claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada, 2006).

Still, it does not appear that petitioner can establish good cause for his failure to exhaust his *Blakely* claim in the state courts. Petitioner was sentenced on May 17, 2004, yet he waited until July 15, 2005, to raise any *Blakely* claim in the state courts. Further, the claim is plainly without merit. Petitioner's conviction became final on June 19, 2004, just prior to the Supreme Court's June 24, 2004, decision in *Blakely,* when the time period expired to file a timely appeal. Ohio Appellate Rule 4; *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987):

> By "final," we mean a case in which a judgment of conviction has
> been rendered, the availability of appeal exhausted, and the time
> for a petition for *certiorari* elapsed or a petition for *certiorari*
> finally denied. *See United States v. Johnson,* 457 U.S. 537, 542, n.
> 8, 102 S.Ct. 2579, 2582, n. 8, 73 L.Ed.2d 202 (1982) (citing
> *Linkletter v. Walker,* 381 U.S. 618, 622, n. 5, 85 S.Ct. 1731, 1733,
> n. 5, 14 L.Ed.2d 601 (1965)).

*Id.; see also Teague v. Lane* 489 U.S. 288 (1989); *Clay v. United States*, 537 U.S. 522, 525 (2003); *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002). Further, *Blakely* is not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005).

<u>Claim eight</u>. In claim eight, petitioner asserts, *inter alia*, that he was denied the effective assistance of appellate counsel. Respondent argues that this claim is unexhausted because petitioner has not pursued an application to reopen the appeal pursuant to Ohio Appellate Rule

11

26(B), and he may still raise such claim in a delayed 26(B) application. This Court does not agree. The record reflects that petitioner asserted the ineffective assistance of appellate counsel claim in his appeal to the Ohio Supreme Court. In *State v. Murnahan,* 63 Ohio St.3d 60, 65 (1992), the Ohio Supreme Court held that claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the state appellate court or on direct appeal to the Ohio Supreme Court. Thus, petitioner has exhausted his claim of ineffective assistance of appellate counsel.

Mixed petition. Petitioner has exhausted his Ohio court remedies for some claims, but not others. A district court is required to dismiss petitions that include both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Unless there is good cause for a stay while petitioner exhausts his state court remedies, the district court must dismiss a petition containing both exhausted and unexhausted claims without prejudice. Here petitioner filed the petitioner while his Ohio postconviction petition was awaiting decision in the Common Pleas Court. There is not good cause for a stay, because petitioner should have exhausted his Ohio postconviction remedies before filing a federal habeas corpus petition and the *Blakely* claim is without merit. Accordingly, petitioner's April 11, 2006 motion to stay (doc. 20) is DENIED.

Other motions. Petitioner's January 25, 2006 and January 26, 2006 motions for leave to file a reduced number of copies (docs. 6 and 11) are GRANTED. After the petition is filed, a petitioner need provide the Court with only one copy of each pleading, brief, or motion he files. He must also serve a copy of each on respondent's counsel.

Petitioner's January 25, 2006 motion for an evidentiary hearing (doc. 7) is DENIED

because the petition contains both exhausted and unexhausted claims.  Should petitioner dismiss his unexhausted claims, petitioner may re-file his motion for an evidentiary hearing and the Court will then consider the motion on its merits.

Petitioner's January 26, 2006 motion for information (doc. 9) is DENIED.  Because the petition includes both exhausted and unexhausted claims, the Court cannot rule on the merits of the claims presented.

Petitioner's February 1, 2006 motion to proceed to judgment (doc. 12) is DENIED as moot.  His March 13, 2006 motion for disclosure (doc. 17) is DENIED.  Respondent has filed a response to the petition.  No further disclosures are required by either the habeas corpus statutes or the Federal Rules of Civil Procedure.

In view of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted; alternatively, petitioner may withdraw his unexhausted claim from this habeas corpus petition.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                s/Mark R. Abel
                                                United States Magistrate Judge